REBECCA L. MASTRANGELO, ESQ.
Nevada Bar No. 5417
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 S. Third Street
Las Vegas, Nevada 89101
Phone (702) 383-3400
Fax (702) 384-1460
rmastrangelo@rmcmlaw.com
Attorneys for RE/MAX, LLC and
RE/MAX HOLDINGS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA (RENO)

PATRICK H. MCGUIRE, an individual
and LISA ANN MCGUIRE, an individual,

    Plaintiffs,

vs.

ANNE MARIE CAREY, an individual,
CAREY TRUST, a testamentary trust,
ANTONETTE D. SHAW, an individual,
MAXED PROFESSIONALS, LLC, a
Nevada limited liability company;
RE/MAX, LLC, a Delaware limited
liability company; and RE/MAX
HOLDINGS, INC., a Delaware
corporation; JOSEPH HENRY, in his
individual capacities; and THE CITY OF
RENO, a municipal entity.

    Defendants.

CASE NO. 3:20-cv-00249-RCJ-CLB

STIPULATED PROTECTIVE ORDER

    In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

    1.    This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may

be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designate without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record in this case.

2. Any party or non-party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document including electronically stored information ("ESI") or responses to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information").  Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

3. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in paragraph 11 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or

information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 11 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

4. Confidential Information may be additionally designated "Confidential - Attorneys Eyes Only" by counsel for the Producing Party for the purpose of identifying particularly sensitive Confidential Information relating to current or prospective research and development, technical documents relating to current or prospective products, financial information (including, but not limited to, amount or source of any income, profits, losses, or expenditures, sales information, and pricing information), marketing or business plans, and the names or other information tending to reveal the identities of a party's present or prospective customers, vendors, listeners, or advertisers.

5. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

6. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are not permitted under this Order, and designations which are shown to be clearly unjustified or that have been made for an improper purpose (e.g. to unnecessarily encumber the case development process or to impose unnecessary expenses or burdens on the other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for

protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any other person than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel and non-employee personnel engaged by counsel on a contract basis;

(c) individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed by [The Corporate Defendant] or one of its competitors (as listed on Appendix A), the party shall notify the opposing party, or designating non-party, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

(e) any authors or recipients of the Confidential Information;

(f) the Court, Court personnel, and court reporters; and

(g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

8. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

9. Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).

10. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

11. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have thirty (30) days from the receipt of

such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

12. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

13. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than sixty (60) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

14. Any receiving party that knows that it intends to present Confidential Information of another party in oral form at trial, or during any pre-trial or post-trial hearing, shall first notify the Court and the Producing Party a reasonable amount of time in advance. Nothing herein shall be deemed to preclude the admission into evidence of any materials covered by this Protective Order, although the parties have reserved all rights to object to the admissibility of any such material. Any Confidential Information admitted into evidence, shall be admitted into evidence in an appropriate manner to protect the confidentiality of the materials.

15. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

16. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written request to the parties' respective counsel or by oral request at the time of any deposition or similar proceeding.

DATED this 24th day of August, 2020.

| | |
|---|---|
| ROGERS, MASTRANGELO, CARVALHO & MITCHELL | KELLY LAW PARTNERS, LLC |
| /s/ Rebecca L. Mastrangelo | /s/William J. Kelly III |
| Rebecca L. Mastrangelo, Esq.<br>Nevada Bar No. 5417<br>700 S. Third Street<br>Las Vegas, Nevada 89101<br>Attorneys for Defendants<br>RE/MAX, LLC and RE/MAX HOLDINGS, INC. | William J. Kelly III<br>Admitted Pro Hac Vice<br>501 S. Cherry Street, Suite 1100<br>Denver, Colorado 80246<br>Attorneys for Defendants RE/MAX, LLC and RE/MAX HOLDINGS, INC. |
| STEPHENSON LAW, PLLC | LEWIS BRISBOIS BISGAARD & SMITH |
| /s/ John N. Stephenson | /s/ Alice Herbolsheimer |
| John Neil Stephenson, Esq.<br>Nevada Bar No. 12497<br>1770 Verdi Vista Court<br>Reno, Nevada 89523<br>Attorney for Plaintiffs | Alice Herbolsheimer, Esq.<br>Nevada Bar No. 6389<br>5555 Kietzke Lane, Suite 200<br>Reno, Nevada 89511<br>Attorneys for Antonette D. Shaw and Maxed Professionals, LLC |
| MIDTOWN LAW | RENO CITY ATTORNEY'S OFFICE |
| /s/ Stephanie Rice | /s/ Chandeni Sendall |
| Stephanie Rice, Esq.<br>Nevada Bar No. 11627<br>115 Casazza Drive<br>Reno, Nevada 89501<br>Attorney for Anne Marie Carey and Carey Trust | Chandeni Sendall, Esq.<br>Nevada Bar No. 12750<br>P.O. Box 1900<br>Reno, Nevada 89505<br>Attorney for City of Reno and Joseph Henry |

**Stipulated Protective Order**
CASE NO. 3:20-cv-00249-RCJ-CLB

## ORDER

IT IS SO ORDERED this 24th day of   August  , 2020.

_____
U.S. MAGISTRATE JUDGE

## **CERTIFICATION**

      I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in McGuire v. Carey, et al., Case No. 3:20-cv-00249-RCJ-CLB.  I have been given a copy of that Order and read it.  I agree to be bound by the Order.  I will maintain all such Confidential Information - including copies, notes, or other transcriptions made therefrom - in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information - including copies, notes or other transcriptions made therefrom - to the counsel who provided me with the Confidential Information, I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

      DATED:_____

_____
Name

Retained by:

_____
Name of party

**EXHIBIT "A"**